[No. 20320. Department Two. March 15, 1927.]

THE STATE OF WASHINGTON, *Respondent*, v. GEORGE SCHARF, *Appellant*.[1]

[1] INDICTMENT AND INFORMATION (95)—INTOXICATING LIQUORS (49) —ISSUES—TIME OF OFFENSE. In a prosecution for manufacturing intoxicating liquor, in which it appears that defendant owned the place, it is descretionary to allow the state to show defendant's frequent visits to the place where the still was found in operation, at a time some fifty days before the still was discovered.

Appeal from a judgment of the superior court for Snohomish county, Alston, J., entered May 13, 1926, upon a trial and conviction of the unlawful manufacture of intoxicating liquor. Affirmed.

*E. C. Dailey* and *A. E. Dailey*, for appellant.

*C. T. Roscoe, John C. Richards* and *Charles R. Denney*, for respondent.

TOLMAN, J.—The appellant, having been convicted of the crime of manufacturing intoxicating liquors, with intent to sell, has appealed from the verdict and judgment of guilty.

[1] His main contention seems to be that the evidence was insufficient to justify the verdict, but incidentally it is urged that the court committed error in admitting evidence of appellant's frequent visits to the place where the still was afterwards found in operation, at a time some fifty days before the officers discovered the still, and also in permitting the state to show that the person found actually operating the still had been at the place for some days previously. There was ample evidence to show that appellant owned the

[1]Reported in 254 Pac. 233.

place and was actively interested in all that went on there. Indeed, his ownership is admitted. Just how far back the evidence should go was clearly within the discretion of the trial court, and after an examination of the entire record we can find here no abuse of discretion.

We have carefully considered all of the evidence in the case, and find that it was ample to support the verdict. There being no error, the judgment is affirmed.

MACKINTOSH, C. J., PARKER, BRIDGES, and ASKREN, JJ., concur.